STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

}
In re Vermont Hotel, LLC } 
    Act 250 Appeal }     Docket No. 10-1-12 Vtec
(Permit Amend. App #4CO757-22A) }     (Appeal from Dist. 4 Comm.)
}

### Judgment Order

This matter came before the Court for a de novo merits hearing on July 27, 2012. Applicant Vermont Hotel, LLC ("Applicant") appealed the District 4 Environmental Commission's ("District Commission") determination on its application for a permit amendment concerning the development of a Residence Inn by Marriot Extended Stay Hotel off of U.S. Route 7 in the Town of Colchester, Vermont. Applicant constructed the facility mostly in conformance with the terms and conditions of Act 250 Permit #4CO757-22,[1] although certain landscaping and lighting components were included in the completed project that were not authorized by the prior permit. Once Applicant submitted a complete application for a permit amendment, the District Commission issued its Findings of Fact, Conclusions of Law, Order, and Amended Permit on December 14, 2011. The District Commission rendered positive Findings and an Amended Permit for most but not all of Applicant's requested amendments. Applicant thereafter filed a timely appeal with this Court.

When the parties were unable to negotiate a full resolution of all legal issues raised in this appeal, the Court scheduled this matter for a site visit and trial. The first site visit occurred at about 8:00 p.m. the night before the trial with the parties and their legal counsel present. At the suggestion of the parties, the undersigned judge returned to the site later that evening to appreciate the full effect of the lighting in the dead of night.

At the July 27, 2012 merits hearing, Applicant was assisted by its attorney, John W. O'Donnell, Esq. The Town of Colchester was assisted by its attorney,

---

[1] This permit number may be misleading; Permit #4CO757-22 is the first state land use permit for this development. The "-22" was assigned because this development is on one parcel of a larger commercial subdivision, known as Water Tower Hill commercial subdivision. Several other developments were completed in the Water Tower Hill commercial subdivision prior to this Residence Inn—Marriott, including the Shaw's/Osco supermarket depicted on Exhibit 2.

Claudine C. Safar, Esq. and the Vermont Natural Resources Board—Land Use Panel was assisted by its attorney, John H. Hasen, Esq.

This appeal challenges the District Commission determination that both the ground-based lighting designed to illuminate the flagpoles in front of the hotel and the internal illumination of the sign secured to the hotel's north-facing wall individually constituted undue adverse impacts on the scenic or natural beauty of the area, thereby rendering both components not in conformance with Act 250 criterion 8. 10 V.S.A. § 6086(a)(8). The flagpoles are depicted in photographic Exhibit 3; the wall-mounted sign is depicted in Exhibit 1. The original permit (Permit #4CO757-22) approved both the flagpoles and the wall-mounted sign. The permit amendment addressed only the illumination of each, and those are the only issues in this appeal.

Once the parties were afforded a full opportunity to present all relevant evidence, including a stipulation of material facts that was filed at trial, the Court took a brief recess to conduct its deliberations, research, and outline of its Findings and Conclusions. The Court then reconvened the merits hearing, and announced its Findings of Fact, Conclusions of Law, and Order. The Court concluded that neither the ground-based lighting for the flagpoles nor the internal illumination of the wall sign on the northern wall constituted an adverse impact upon the scenic or natural beauty of the area under the two-part "Quechee Test"—the test that guides our interpretation of 10 V.S.A. § 6086(a)(8). See Re: Quechee Lakes Corp., Nos. 3W0411-EB and 3W0439-EB, Findings of Fact, Conclusions of Law and Order slip op. at 17–20 (Vt. Envtl. Bd. Nov. 4, 1985).

Based upon these Finding and Conclusions, we remand these proceedings back to the District Commission solely to complete the ministerial act of preparing and issuing a Revised Amended Permit in conformance with this Judgment Order and the Findings, Conclusions, and Order announced by this Court on the record of the July 27, 2012 merits hearing.

This concludes the current proceedings before this Court in this appeal.

Done at Newfane, Vermont this 7th day of August, 2012.

_____
Thomas S. Durkin, Environmental Judge

2